**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-1342

RE CARROLL MANAGEMENT COMPANY; CIP CONSTRUCTION COMPANY; CARROLL INDUSTRIAL DEVELOPMENT US, LLC; ALARIS HOMES, INC.; SNAP PUBLICATIONS, LLC; CARROLL INVESTMENT PROPERTIES, INC.,

   Plaintiffs - Appellants,

v.

DUN & BRADSTREET, INC.,

   Defendant - Appellee

and

DUN & BRADSTREET HOLDINGS, INC.; THE DUN & BRADSTREET CORPORATION,

   Defendants.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, Chief District Judge. (1:23–cv–00483–CCE–JLW)

Submitted: December 2, 2024   Decided: February 6, 2025

Before WYNN, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished opinion. Judge Wynn wrote the opinion, in which Judge Harris and Judge Quattlebaum joined.

**ON BRIEF:** Eric M. David, Andrew L. Rodenbough, Pearson G. Cost, BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, L.L.P., Raleigh, North Carolina, for Appellants.  Ashley I. Kissinger, Denver, Colorado, Elizabeth Schilken, Los Angeles, California, Elizabeth Seidlin-Bernstein, BALLARD SPAHR LLP, Philadelphia, Pennsylvania; Robert B. McNeill, OFFIT KURMAN, P.A., Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

WYNN, Circuit Judge:

Plaintiffs are six companies involved in real-estate development alleging that Dun & Bradstreet, Inc. ("D&B") libelously published untrue or misleading credit reports about them. The district court dismissed Plaintiffs' initial complaint with prejudice and denied leave to file an amended complaint.

Plaintiffs appeal the district court's denial order and, alternatively, the decision to attach prejudice to the dismissal of their initial complaint. We affirm.

I.

Defendant D&B creates and maintains business credit reports used by businesses, financial institutions, government entities, and the general public. According to Plaintiffs' complaint, D&B "is generally accepted as being[] a thorough and scrupulously accurate reporter of business information." J.A. 142.[1] "D&B is so entrenched in the business economy that certain parties, including most notably the federal government, will not do business with a company that has not been" evaluated by it. *Id.* Plaintiffs—six related entities involved in real-estate development—generally object to both the business-risk-assessment scores D&B assigned to them as well as some of the information contained in the credit reports themselves.

At the time Plaintiffs filed their initial complaint, D&B evaluated one of the Plaintiffs to have an overall business-risk-assessment score of "High," meaning that there were "significant stability and payment behavior concerns," "higher than average risk of

---

[1] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

3

discontinued operations or business inactivity," and a "very high potential for severely delinquent payments." J.A. 43 (capitalization and grammar standardized) (emphasis omitted). D&B evaluated three of the other Plaintiffs to have an overall business-risk-assessment score of "Moderate-High," meaning that there were "stability concerns," a "higher than average risk of discontinued operations or business inactivity," and a "moderate potential for severely delinquent payments." J.A. 58, 93, 103 (capitalization and grammar standardized) (emphasis omitted). D&B gave the remaining two Plaintiffs business-risk-assessment scores that were better, yet still lower than what Plaintiffs believe they deserved.

Plaintiffs sued in June 2023 setting out claims against D&B[2] for appropriation of names, libel *per se*, libel *per quod*, violations of the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), and a violation of the North Carolina Racketeer Influenced and Corrupt Organizations Act. In response, D&B filed a Rule 12(b)(6) motion to dismiss for failure to state a claim. The district court granted the motion and dismissed the complaint with prejudice. *See RE Carroll Mgmt. Co. v. Dun & Bradstreet, Inc.*, 706 F. Supp. 3d 535, 543 (M.D.N.C. 2023).

Subsequently, Plaintiffs filed a Rule 59(e) motion to vacate the judgment and for leave to file an amended complaint. They submitted a proposed amended complaint on January 22, 2024, only seeking to pursue claims under libel *per se* and UDTPA.

---

[2] Plaintiffs also named two related entities in the complaint, but after a Rule 12(b)(2) motion, the district court determined that it lacked personal jurisdiction over those entities. Plaintiffs do not appeal that decision.

4

USCA4 Appeal: 24-1342      Doc: 41          Filed: 02/06/2025      Pg: 5 of 10

The proposed amended complaint alleged that D&B lacked a factual basis for any of the creditworthiness scores ascribed to Plaintiffs. As evidence that D&B lacked accurate information about Plaintiffs, Plaintiffs pointed to allegedly untrue or misleading statements D&B made in the credit reports.

Specifically, Plaintiffs alleged that the credit reports included eight resolved lawsuits erroneously classified as "pending" and a satisfied judgment erroneously classified as "unsatisfied." J.A. 154, 156–58. They also pointed to three UCC lien filings against a related entity that inappropriately appeared on one of Plaintiffs' credit reports, and two lien filings that Plaintiffs alleged, based on information and belief and "a reasonable investigation," did not exist at all. J.A. 154, 159.

D&B opposed Plaintiffs' motion. As to the lien filings that Plaintiffs claimed did not exist, D&B submitted an affidavit that attached copies of those filings from the North Carolina Secretary of State's office.

The district court denied Plaintiffs' Rule 59(e) motion and denied leave to amend on the basis that amendment would be futile. Plaintiffs timely appealed that order as well as the district court's decision to dismiss their initial complaint with prejudice.

II.

We review a district court's denial of a motion for leave to amend a complaint on grounds of futility by the same standard that we would apply in a review of a motion to dismiss. *United States ex rel. Ahumada v. NISH*, 756 F.3d 268, 274 (4th Cir. 2014). Therefore, we review *de novo* the district court's legal conclusion that the proposed amended complaint failed to state a claim on which relief can be granted. *Id.* "To survive

5

a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We affirm because we conclude that the proposed amended complaint failed to meet this standard.

The proposed amended complaint brings two categories of claims: four counts of libel *per se* and two counts under UDTPA. For the reasons that follow, we hold that the libel *per se* claims fail because Plaintiffs do not sufficiently allege that any statement or implication in the credit reports is defamatory. The UDTPA claims fail because Plaintiffs do not sufficiently allege actual injury.

First, Plaintiffs' libel *per se* claims failed to plausibly allege that any statement or implication in the credit reports is defamatory. Nonetheless, Plaintiffs argue that the district court required them to prove more than plausibility. As evidence, they contend the district court improperly considered public records submitted through an affidavit to demonstrate that their allegations were incorrect. But courts are permitted to take judicial notice of matters of public record to decide motions to dismiss. *See, e.g.*, *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023). And the district court repeatedly cited and followed the appropriate plausibility standard. We find no indication that the district court applied an incorrect legal standard.

Upon applying the correct standard, the district court appropriately concluded that the proposed amendments were futile as to the libel *per se* claims because Plaintiffs are unable to show that the alleged factual misstatements are defamatory.

6

North Carolina law instructs that "[i]n order to recover for defamation, a plaintiff generally must show that the defendant caused injury to the plaintiff by making false, defamatory statements." *Desmond v. News & Observer Publ'g Co.*, 846 S.E.2d 647, 661 (N.C. 2020) (quoting *Desmond v. News & Observer Publ'g Co.*, 772 S.E.2d 128, 135 (N.C. Ct. App. 2015)). Additionally, "the common law of libel overlooks minor inaccuracies and focuses on *substantial truth*." *Id.* at 675 (cleaned up) (quoting *Masson v. New Yorker Mag., Inc.*, 501 U.S. 496, 516 (1991)).

Here, Plaintiffs contend that their proposed amended complaint adequately proffered false statements from the credit reports:[3] eight closed lawsuits erroneously classified as pending and a purportedly unpaid judgment that had in fact been satisfied. But as the district court properly concluded, even if the statements regarding the lawsuits and unpaid judgment are outdated, the reports all include the date on which each legal event was reported to D&B as well as a disclaimer that "[t]he public record items contained in this report may have been paid, terminated, vacated or released prior to the date this report was printed." J.A. 197, 211.

North Carolina law requires that "[w]hen examining an allegedly defamatory statement, the court must view the words within their full context and interpret them 'as ordinary people would understand' them." *Boyce & Isley, PLLC v. Cooper*, 568 S.E.2d 893, 899 (N.C. Ct. App. 2002) (quoting *Renwick v. News & Observer Publ'g Co.*, 312 S.E.2d 405, 410 (N.C. 1984)). And we conclude that an ordinary person reading the credit reports

---

[3] These false statements only pertain to three of the six Plaintiffs.

7

would view the inclusion of the date reported and the disclaimer as signifying that the information might be outdated.

Plaintiffs also argue that the D&B credit reports *imply* false and defamatory underlying facts. Their proposed amended complaint alleges that "D&B provides little or no information regarding" its ratings, "thereby implying D&B's special knowledge of undisclosed facts supporting" its ratings, J.A. 144 ¶ 24, and that "D&B's business credit reports arbitrarily and falsely portray each Plaintiff as financially unstable and likely to default on its obligations to lenders and business partners," J.A. 152 ¶ 61. Yet Plaintiffs fail to specify a factual statement from the credit reports that gives rise to this implication. They do marshal three lien filings that, while properly listing a related entity as the debtor, might wrongfully be understood to refer to one of the Plaintiffs.[4] But these lien filings rightfully attribute the debt to the related entity.

Further, in their proposed amended complaint, Plaintiffs do not allege any facts that negate the supposed implied facts of D&B's ratings. Instead, they allege only their own opinion about their creditworthiness, namely that "[e]ach and every Plaintiff is an established company with solid financials and a strong credit history that promptly satisfies its contractual obligations." J.A. 152. The usual pleading standards apply for defamation cases, so Plaintiffs must plead sufficient facts to articulate a plausible claim for relief. *See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 377 (4th Cir. 2012) (applying Florida libel law). We agree with the district court that Plaintiffs "have not

---

[4] On appeal, Plaintiffs waived any argument that the two allegedly nonexistent liens created false implications regarding their creditworthiness.

8

alleged sufficient facts to draw a plausible inference that [D&B's] reports contain or imply false, defamatory statements." J.A. 340 (internal quotation marks omitted). Thus, the district court acted within its discretion when concluding that the amended complaint's pleading deficiencies render it futile.

Second, Plaintiffs' UDTPA claims fail because Plaintiffs do not sufficiently allege actual injury. In that regard, North Carolina law requires a showing of actual injury under UDTPA. *See, e.g.*, *Pearce v. Am. Def. Life Ins. Co.*, 343 S.E.2d 174, 180 (N.C. 1986) ("[T]he second requisite to making out a claim under this statute is [that] . . . . [i]t must be shown that the plaintiff suffered actual injury as a proximate result of [the] defendant's deceptive statement or misrepresentation."); *Belk, Inc. v. Meyer Corp., U.S.*, 679 F.3d 146, 164–65 (4th Cir. 2012); *Sw. Life Ins. Grp. v. Fewkes Mgmt. Corp.*, 245 F. App'x 304, 307 (4th Cir. 2007).

Here, Plaintiffs allege that the "invest[ment of] substantial time and money into bringing this lawsuit" as well as into preparing an earlier cease and desist letter constitutes actual harm. J.A. 171. But, as the district court observed, state law does not permit recovery of attorneys' fees in the absence of actual injury. *See Mayton v. Hiatt's Used Cars, Inc.*, 262 S.E.2d 860, 864 (N.C. Ct. App. 1980). And while Plaintiffs also allege an injury to their reputation, this Court has long held that parties may not use "non-reputational tort claims"—like UDTPA—to recover damages "without satisfying the stricter . . . standards of a defamation claim." *Food Lion, Inc. v. Cap. Cities/ABC, Inc.*, 194 F.3d 505, 522 (4th Cir. 1999). As Plaintiffs' libel claims have not survived, neither do their UDTPA claims.

9

Because none of Plaintiffs' claims in the proposed amended complaint were sufficiently pleaded to survive review, we affirm the district court's rejection of the proposed amended complaint as futile.

### III.

Plaintiffs also argue that the dismissal of their initial complaint should have been without prejudice. We review the decision to dismiss a complaint with or without prejudice for an abuse of discretion. *See Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008). Because we have determined that the proposed amendment to their complaint was futile, and futility is an appropriate basis to grant dismissal with prejudice, *see id.*, we hold that the district court did not abuse its discretion in dismissing the original complaint with prejudice.

### IV.

For the foregoing reasons, the judgment of the district court is affirmed.

*AFFIRMED*